EDWARD S. SNOW v. JOHN S. NOWLIN.

*Land-trade—Fraudulent statement of value—Good faith—Interest as damages.*

In an action for misrepresenting the value of land to a purchaser, it was *held* that the exclusion, on plaintiff's cross-examination, of the question whether he had not tried to sell or trade the land after visiting it, was not necessarily prejudicial, in the absence of something to show its materiality, since such an offer to sell may have been under circumstances that would not tend to show that he ratified the sale to himself.

Where one who complains of being cheated in a land trade, testifies to having offered defendant a certain sum to trade back, it was *held* proper to exclude on cross-examination the question whether he had the necessary amount of money.

The good faith of an offer to pay money cannot always be tested by an inquiry whether the person making the offer had the money necessary to fulfill it.

One who desires the benefit of exceptions to a general rule must bring himself within such exceptions.

The rejection of depositions cannot be held error if there is nothing in the record to show that material testimony was thereby excluded.

In an action for fraudulent representation of the value of lands traded for lands belonging to the plaintiff, the value of the latter is immaterial.

Interest is allowable in Michigan as damages for fraudulently representing the value of land sold or traded to the plaintiff where the mere difference in the values of the property traded will not make good his damages.

Error to Wayne. Submitted April 13. Decided April 28.

TRESPASS. ON THE CASE by Nowlin against Snow for misrepresenting the value and location of land in Kansas for which plaintiff traded certain real estate in Dearborn. Certain depositions relating to the value of part of the lands were excluded on the ground that the cross interrogatories had not been put by the commissioner who took them. Plaintiff recovered judgment for $1467.60 and defendant brings error.

*Geo. H. Lothrop, Levi T. Griffin* and *G. V. N. Lothrop* for plaintiff in error. Where fraudulent representation in a sale is in issue, evidence of the true value of the property sold is relevant, *Matthews v. Bliss* 22 Pick. 54; a deposition will not be excluded at the trial where no motion to suppress it was made when testimony was taken, *Winans v. N. & E. R. R.* 21 How. 88.

*S. R. Harris, Chas. C. Stewart* and *Henry M. Cheever* for defendant in error. Wherever a vendor is to receive, not money, but the transfer of property or services, the value of the original consideration is not open to inquiry in an action for fraudulent representations by the other party as to the value of the property to be exchanged, but the value of the property or services is the measure of damages, because this is the remuneration fixed by the agreement. If land is the mode of payment, the value of the land is the compensation, Sedgwick on Damages 203; *Strutt v. Farlar* 16 M. & W. 249; *Ellison v. Dove* 8 Blackf. 571; *Bell v. Walker* 5 Jones (N. C. L.) 431; *Baldwin v. Lessner* 8 Cobb (Ga.) 71; *Lecroy v. Wiggins* 31 Ala. 13; *Herbert v. Stanford* 12 Ind. 503; *Evans v. C. R. & R. I. R. R. Co.* 26 Ill. 189; *Addams v. Tutton* 39 Penn. St. 447; *McClelland v. Snider* 18 Ill. 58; *Com. Ins. Co. v. Sennett* 37 Penn. St. 205; interest can be allowed as part of the damages in replevin and trover, *Bissell v. Hopkins* 4 Cow. 53; *Baker v. Wheeler* 8 Wend. 508; *Kennedy v. Whitwell* 4 Pick. 466; *Van Rensselaer v. Jewitt* 2 Comst. 153; *Dana v. Fiedler* 2 Ker. 50; Cooley on Torts 456-7; *Greeley v. Stilson* 27 Mich. 153; *Win-*

*chester v. Craig* 33 Mich. 205; *Ripley v. Davis* 15 Mich.
75; *Dalton v. Laudahn* 27 Mich. 529; *Allen v. Kinyon*
41 Mich. 284; *Bates v. Stansell* 19 Mich. 91: see how-
ever *Richmond v. Bronson* 5 Den. 55; *Black v. C. & A.
R. R.* 45 Penn. St. 41; *Lakeman v. Grinnell* 5 Bosw. 625;
*Walrath v. Redfield* 18 N. Y. 462; it has been granted
in cases of tort, as for wrongful seizure, *Woodham v. Gels-
ton* 1 Johns. 134; for carrying away goods *Derby v. Gallup*
5 Minn. 137; *Devereux v. Burgwin* 11 Ired. 490; for
fraudulent refusal to convey land, *Handley v. Chambers* 1
Litt. 358; in marine trespass, *Murray v. Schooner Betsy*
2 Cr. 124; *Del. Col. v. Arnold* 3 Dal. 334; *The Anna
Maria* 2 Wheat. 335; *United States v. Bevans* 3 id. 360;
*Schooner Lively and Cargo* 1 Gall. 315; *The Apollon* 9
Wheat. 376; *The Nancy* 3 Wheat. 559.

MARSTON, C. J.    The first error assigned is that the
plaintiff was not permitted on cross-examination to an-
swer the question put to him whether he did not try to
sell or trade the Kansas property after his return from
there, to Charles L. Toner.   While it is true that in cases
like the present a wide latitude has usually been allowed
in the cross-examination of witnesses, and that it would
not have been error for the court to have permitted the
question to have been asked and answered, yet as this
record presents the question, we cannot say that the
plaintiff in error was prejudiced by the ruling.   The
offer, if made, may have been under such circumstances
as to have afforded no tendency to show a ratification
or satisfaction with the trade, made after full knowledge
of the fraud, if any, was committed.   The plaintiff may
have been willing to sustain even a heavy loss if he
could get rid of the property.   He may have preferred
this to a vindication of his rights in court.   In answer
to the previous question the witness had said he was not
acquainted with Toner, although he thought he had seen
such a man.   In view of this fact and of the doubtful
tendency of such evidence, even if we may assume an

affirmative answer would have been given, we are of opinion that, in connection with the question when objected to, some definite offer as to what counsel proposed to prove should have been made, or the question been followed by others showing the materiality of the proposed testimony.

The witness having testified that he had offered the defendant $200 to trade back, he was asked on cross-examination if he had the requisite amount of money under such an offer, some $2500, if accepted for such purpose. This was properly excluded. He may not have had a dollar, and yet have been able to raise and pay the requisite amount. The good faith of an offer cannot always be tested in this way. Such must be the general rule, and where there are exceptions the party desiring the benefit thereof must see that he brings himself within them.

In reference to the exclusion of the depositions because the cross-interrogatories had not been answered, while we do not say the ruling was correct, yet we cannot say it was wrong for this reason. There is nothing apparent in this record from which we can say that any material testimony was excluded. If the depositions as returned and rejected had been made a part of the bill of exceptions so that we could have seen their materiality and that their rejection must have injured the party who offered them, we could then pass upon this question. As the case stands we cannot say that any error was committed.

The remaining alleged errors which we deem it necessary to notice relate to the questions asked relative to the value of the Dearborn lands and the allowance of interest in considering the question of damages. The value of the Dearborn lands we are of opinion was a matter of no importance in this case. If a fraud was committed, no matter what the consideration passing from the plaintiff may have been, he was entitled to what he had bargained for; nor do we think the value

of the Dearborn land would have any fair tendency to show that the representations were not made as claimed.

As to the question of interest: in cases of contract and many cases of tort the rule is well settled in this State that interest may be allowed by way of damages. The plaintiff is allowed full compensation for the injury he has sustained. He is to be placed as nearly as can be in the position he would have occupied if the representations made had been true. The difference in value will not accomplish this unless interest is added thereto. We are of opinion that there was no error in the court instructing the jury as was done in reference to the allowance of interest.

Judgment affirmed with costs.

The other Justices concurred.