## BROWN v. GEORGE A. FULLER CO.

1. MASTER AND SERVANT—WORKMEN'S COMPENSATION LAW—JUDGMENT ENTERED ON AWARD.

While there are difficulties in the way of applying the provisions of section 13, pt. 3, Act No. 10, Extra Session 1912 (2 Comp. Laws 1915, § 5466), providing for entering judgment in the circuit court upon presentation of a certified copy of the decision of the Industrial Accident Board approving the agreement of settlement, especially in cases where, by the terms of the award, liability of the employer

to make weekly payments runs with disability of the employee, and the disability is not permanent, it is not impossible to apply the law according to its terms; however, a series of judgments upon an award is not contemplated by the act, although a series of executions may be required to enforce payment of the judgment; and the judgment should be entered "in accordance" with the award, by reciting and following the award, which furnishes the data for further action of the court.

2. SAME—JUDGMENT ON AWARD—INTERPRETATION OF AWARD.

The judgment of the court below, agreeing with claimant's interpretation of an ambiguous award, which may be interpreted as claimant claims, will not be disturbed, where no objection was made as to its form, and no error of law appears requiring reversal of the judgment or requiring the court to set it aside.

Certiorari to Kent; McDonald, J. Submitted June 13, 1916. (Docket No. 84.) Decided September 26, 1916.

James B. Brown presented an award from an arbitration committee against the George A. Fuller Company under Act No. 10, Extra Session 1912, pt. 3, § 13. From a judgment for plaintiff, defendant brings certiorari. Affirmed.

*H. Monroe Dunham* and *John M. Dunham,* for appellant.

*E. A. Maher,* for appellee.

From the petition for the writ of certiorari and the return to the writ it is made to appear that an arbitration committee, April 28, 1915, made an award, the substance of which is:

"The said applicant, James B. Brown, is entitled to receive and recover from said respondent, George A. Fuller Company, the sum of $7 per week during disability (partial) from the 28th day of July, 1913, and that said applicant is entitled to receive and recover

from said respondents on this date $77 (11 weeks), being the amount of such compensation that has already become due under the provisions of law, the remainder of said award to be paid to said James B. Brown, applicant, by said respondents in weekly payments, commencing one week from the date of the award.

"It is the decision of the arbitration committee that Brown is to return to work for the George A. Fuller Company, and furnished with such employment as he may be able to do. Wages to be $2 per day ($14 per week of seven days). No time was lost by applicant from date of accident until December 26, 1914. The Fuller Company agreed to furnish applicant with light work."

No appeal having been taken from the committee to the Industrial Accident Board, a certified copy of the award was produced in the circuit court for the county of Kent December 8, 1915, and, without notice to George A. Fuller Company, judgment was entered for Brown against it for $84 and costs. A writ of garnishment, later recalled, was issued January 3, 1916, and served on the garnishee defendant January 4, 1916. A writ of *fieri facias* was also taken out. Meantime the George A. Fuller Company, on November 10, 1915, filed with the Industrial Accident Board a petition, praying that the board—

"will by its order decree that the George A. Fuller Company has complied with the order and award of the arbitration committee, and that any portion of said award which may now be in force may be terminated as of the date when the said James B. Brown was laid off, to wit, August 28, 1915, because of the completion of the said hotel building, and that your petitioner may have such other and further relief in the premises as to the Industrial Accident Board may seem meet and just."

This petition Brown answered November 19, 1915, and the matter is pending. The circuit court for Kent county was moved, December 13, 1915, to vacate and

set aside the said judgment, the grounds of the motion being that the terms of the award had been fully complied with; there was no money due Brown when judgment was entered; the judgment "is void and illegal and has no standing in law upon the award upon which it is based." The motion was denied.

The printed record does not contain the petition for the writ of certiorari, but upon examination of the original it is found that it sets out the errors of law relied upon as follows:

"(*a*) Because the said judgment is void and illegal.

"(*b*) Because said cause is now pending before the Industrial Accident Board of the State of Michigan.

"(*c*) Because the judgment has no standing in law upon the award upon which it is based.

"(*d*) Because the circuit court for the county of Kent had no jurisdiction in said cause.

"(*e*) Because the award on arbitration has been fully complied with by the said defendant.

"(*f*) Because under the award there was no money due the said plaintiff at the time said judgment was rendered.

"(*g*) Because said plaintiff, before taking said judgment on the 8th day of December, A. D. 1915, had submitted himself to the jurisdiction of the Industrial Accident Board of the State of Michigan by filing a sworn answer to the petition of the defendant, on, to wit, the 19th day of November, A. D. 1915, in respect to the same subject-matter upon which the judgment is based."

OSTRANDER, J. (*after stating the facts*). It is said in the brief for plaintiff in certiorari that but one question is involved, which is thus stated:

"Can the circuit court take any jurisdiction of an award of the Industrial Accident Board other than that expressly given it by Act No. 10 of the Public Acts of Michigan, Extra Session of 1912, which is known as the workmen's compensation act?"

This question may be answered in the negative, as counsel answers it, without advancing us very far.

Technically, of course, the court takes no jurisdiction of an award. The award is evidence of a liability; the judgment of the court is required and is provided for, to enforce the liability, since the decisions of the Industrial Accident Board cannot be carried into execution by any action or mandate of the board. The provision for judgment is part 3, § 13, of the law, reading:

"Either party may present a certified copy of the decision of such Industrial Accident Board approving agreements of settlement as provided in part three, section five hereof, or of the decision of such committee of arbitration when no claim for review is made as provided in part three, section eight, or of the decision of such Industrial Accident Board when a claim for review is filed as provided in part three, section eleven, providing for payment of compensation under this act, to the circuit court for the county in which such accident occurred, whereupon said court shall, without notice, render a judgment in accordance therewith against said employer and also against any insurance company carrying such risk under the provisions of this act; which judgment, until and unless set aside shall have the same effect as though duly rendered in an action duly tried and determined by said court, and shall, with like effect, be entered and docketed."

Manifestly, there are difficulties in the way of applying this provision of the law, especially in cases where, by the terms of the award, liability of the employer to make weekly payments runs with disability of the employee and the disability is not permanent. The procedure, too, if the statute is applied, will be somewhat cumbersome. As an illustration: An award is made to A. of $5 a week, payable weekly, during disability which is not permanent. A certified copy of the award is produced to a court and, without notice, judgment is entered "in accordance therewith." Payments being promptly made, no execution is required. In time, payments accrue and are not made and an

execution is applied for. What sum shall the sheriff be advised to collect, and, in default of payment, to make a levy for? Obviously orderly procedure would require that a showing be made, and upon notice, before the execution issued. And, as disability is a fact to be determined by the board, the weekly payment may be reviewed by the board at the request of the employer, the insurance company carrying the risk, the commissioner of insurance, or the employee, and may be increased, or diminished, or ended, if the board finds such action to be warranted. Part 3, § 14. If a judgment has been entered in accordance with the original award and the award is modified or the right to further payments denied by the board, orderly procedure will, in such cases, require that the court be moved to modify the judgment or to vacate it.

In my opinion, these and other difficulties which might be suggested, most of which may perhaps be removed by legislation, do not present insuperable objections to giving effect to the particular provision of the law, although its application may impose burdens upon the parties in interest and upon the courts. It is not impossible to apply the law according to its terms.

It ought to be said, however, that a series of judgments upon an award is not contemplated by the act, although a series of executions may be required to enforce payment of the judgment. And the judgment of the court should be entered "in accordance" with the award, which means that it should recite and follow the award, which furnishes the data for further action of the court. This, although objection to it is not based upon that ground, the judgment in the case before us did not do. The judgment entered "in accordance" with the award will remain in force until satisfied by payment according to its terms, or by such action of the Industrial Accident Board, brought to

the attention of the court, as renders its further enforcement improper.

The award in this case is ambiguous, and it is apparent that the parties do not agree upon its force and effect. Claimant interprets it as an award of $7 a week, payable during disability, but not to be paid so long as the employer kept him in service at a weekly wage of $14. The employer, plaintiff in certiorari, interprets it as an award in lieu of payment of which it was to employ claimant at $14 a week as long as it had work for him to do. There being no more work for claimant, it says the award is vacated—has been performed—by what it has done. The court below seems to have agreed with claimant, and, as the award may be interpreted' as claimant says it should be, and as no objection is made to the form of the judgment, no error of law, requiring reversal of the judgment or requiring the court to set it aside, appears, and this court ought not to disturb it. The award, until modified by the Industrial Accident Board, is in force.

The defendant in certiorari will recover costs of this court.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.