FOWLER v. MUSKEGON COUNTY.

1. INTEREST—STATUTES—LEGAL RATE.
    The general interest statute merely states the legal rate of interest (CL 1948, § 438.51).

2. WORKMEN'S COMPENSATION—AWARDS—INTEREST.
    Fact that no interest had ever been claimed or awarded on workmen's compensation awards since enactment of the workmen's compensation act is not determinative of whether such an award carries interest.

3. SAME—EXCLUSIVE REMEDY.
    It was the intent of the legislature, in enacting the workmen's compensation act, to provide that the right to recover compensation benefits thereunder shall be the exclusive remedy for workmen of employers subject to the act (CL 1948, § 411.4).

4. SAME—DEFECTS.
    Defects in the workmen's compensation act must be cured by legislative enactment and not by judicial pronouncement, if the act is short of what it should contain to do justice.

REFERENCES FOR POINTS IN HEADNOTES
[1] 30 Am Jur, Interest § 31.
[2, 7] 58 Am Jur, Workmen's Compensation § 545.
[3] 58 Am Jur, Workmen's Compensation §§ 48, 50.
[4] 58 Am Jur, Workmen's Compensation § 26.
[5] 58 Am Jur, Workmen's Compensation § 28.
[6] 30 Am Jur, Interest § 4.

5. SAME—CONSTRUCTION.
   Rules of law and procedure, applicable to common-law actions, may not be considered in construing the workmen's compensation act, for such act is in derogation of the common law and substitutes its own code of procedure, inclusive of review.

6. INTEREST—STATUTES.
   Interest in Michigan is purely statutory.

7. WORKMEN'S COMPENSATION—AWARDS—INTEREST.
   No interest on an award of workmen's compensation may be granted, since the workmen's compensation act does not provide for interest (CL 1948, § 411.4).

Appeal from Muskegon; Roth (Stephen J.), J., presiding. Submitted June 17, 1954. (Docket No. 55, Calendar No. 46,108.) Decided September 8, 1954.

John C. Fowler moved for judgment, with interest, on certified copy of award from the Workmen's Compensation Commission against the County of Muskegon and Century Indemnity Company, an insurance corporation. Judgment for defendants. Plaintiff appeals. Affirmed.

*Marcus, McCroskey & Finucan (Jerry S. McCroskey,* of counsel), for plaintiff.

*Robert A. Cavanaugh,* Prosecuting Attorney, for defendant County of Muskegon.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells,* of counsel), for defendant Century Indemnity Company.

SHARPE, J. Plaintiff, John Fowler, was employed by the county of Muskegon as a deputy sheriff. On June 5, 1940, he was struck by a prisoner attempting to escape. On June 14, 1950, he filed an application

for compensation. On July 28, 1952, the workmen's compensation commission entered an order that:

"defendants shall pay to plaintiff compensation of $21 per week for a period of 150 weeks from August 4, 1944, for the loss of vision in his left eye."

On August 27, 1952, defendant, Century Indemnity Company, forwarded to plaintiff a draft in the amount of $3,150 in payment of 150 weeks compensation, but without interest. Demand was made for interest to August 27, 1952, at 5% per annum, payable from August 11, 1944, in the amount of $1,040.-41. The demand was refused.

On September 16, 1952, plaintiff filed a motion for judgment, with a certified copy of the award, in the circuit court for Muskegon county. On June 18, 1953, a judgment of no cause of action was entered.

Plaintiff appeals and urges that he is entitled to a judgment with interest on an award for past due payments of compensation. The basis of this reasoning is that the general interest statute is applicable to the workmen's compensation act to supply the lack in the act. The general interest statute, CL 1948, § 438.51 (Stat Ann § 19.11) reads:

"That the interest of money shall be at the rate of 5 dollars upon 100 dollars for a year, and at the same rate for a greater or less sum, and for a longer or shorter time, except that in all cases it shall be lawful for the parties to stipulate in writing for the payment of any rate of interest, not exceeding 7 per centum per annum: Provided, That this act shall not apply to the rate of interest on any note, bond or other evidence of indebtedness issued by any corporation, association, or person, the issue and rate of interest of which have been expressly authorized by the Michigan public utilities commission or the Michigan securities commission."

It is to be noted that the above statute merely states the legal rate of interest. It follows that the workmen's compensation act and its various interpretations must be examined to determine whether an award for compensation carries interest. While it is true that ever since the enactment of the workmen's compensation act in 1912 no interest has ever been claimed or awarded on compensation awards, this in itself, while helpful, is not determinative of the issue involved. CL 1948, § 411.4 (Stat Ann § 17.-144) provides:

"Where the conditions of liability under this act exist, the right to the recovery of compensation benefits, as herein provided, shall be the exclusive remedy against the employer."

It clearly appears that it was the intent of the legislature, under the above act, to provide that the right to recover compensation benefits shall be the exclusive remedy. In *Luyk* v. *Hertel*, 242 Mich 445, we had occasion to construe the rights and remedies provided in the statute. We there said (p 447):

"The workmen's compensation law is a departure, by statute, from the common law, and its procedure provisions speak all intended upon the subject. Rights, remedies, and procedure thereunder are such and such only as the statute provides. If the statute is short of what it should contain in order to prevent injustice, the defects must be cured by future legislation and not by judicial pronouncement. * * *

"Rules of law and procedure, applicable to common-law actions, may not be considered in construing the workmen's compensation act, for such act is in derogation of the common law and substitutes its own code of procedure, inclusive of review."

In *Kermott* v. *Ayer*, 11 Mich 181, 184, we said:

"Interest in Michigan is purely statutory."

See, also, *Tousey* v. *Moore*, 79 Mich 564, and *Mitchell* v. *Reolds Farms Company*, 268 Mich 301.

Under our holding in the *Luyk Case, supra,* the remedy for all matters connected with compensation must be found in the statute, and our holding in the *Kermott Case, supra,* is that interest is statutory. It must follow that where the statute does not provide for interest, none can be granted.

The judgment is affirmed, with costs to defendants.

Butzel, C. J., and Carr, Bushnell, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.