WILSON v. DOEHLER-JARVIS DIVISION OF
NATIONAL LEAD COMPANY.

1. COURTS—STARE DECISIS. ·
   The Supreme Court will not blindly perpetuate a possible error
   it may have committed in the past, notwithstanding the
   doctrine of *stare decisis*.

2. WORKMEN'S COMPENSATION—INTEREST ON AWARDS.
   The workmen's compensation act neither provides for, nor
   forbids, the allowance of interest on awards thereunder by
   the circuit court prior to time judgment becomes final (CL
   1948, §§ 413.13, 438.7).

3. INTEREST—JUDGMENT—STATUTES.
   A persuasive consideration in determining whether an obligation
   created by statute shall bear interest prior to final judgment
   thereon is the relative equities between the beneficiaries of
   the obligation and those upon whom it has been imposed.

4. DAMAGES—BREACH OF CONTRACT.
   One for whose financial advantage an obligation was assumed or
   imposed, and who has suffered actual money damages by an-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 14 Am Jur, Courts § 78.
[3] 30 Am Jur, Interest § 46.
    Interest prior to judgment.  1 ALR2d 492.
[4] 12 Am Jur, Contracts § 273 *et seq.*
    Right of third person to enforce contract between others for his
        benefit.  81 ALR 1271.
[5] Constitutionality, construction, application, and effect of pro-
        visions of workmen's compensation acts in relation to costs or
        expenses on appeal or review.  79 ALR 678.
[6] 58 Am Jur, Workmen's Compensation § 2.
[8] 14 Am Jur, Courts § 130.
    Judicial change of rule regarding measure of damages as applica-
        ble retrospectively.  171 ALR 1008.
    Right of court in overruling earlier precedent to apply new rule
        prospectively and adhere to old one as regards past trans-
        actions.  85 ALR 262.
[9] 20 Am Jur, Evidence § 122.
[11] 58 Am Jur, Workmen's Compensation § 543.

other's breach of that obligation, should be fairly compensated for the loss thereby sustained.

5. WORKMEN'S COMPENSATION—INTEREST.
   The failure of the legislature to mention interest in the workmen's compensation act does not necessarily mean that it intended that the obligation created by that act should not bear interest (CL 1948, §§ 413.13, 438.7).

6. SAME—PURPOSE OF ACT.
   The primary purpose of the workmen's compensation act is to provide compensation for disability or death resulting from occupational injuries or diseases or accidental injury to or death of employees, the statute being enacted primarily for the benefit of the man who works in the pursuits subject to its provisions, the injured employee, not the injured employer (CL 1948, § 411.1 *et seq.*, as amended).

7. SAME — INTEREST — CIRCUIT COURT — JURISDICTION — OVERRULED CASE.
   The circuit court had jurisdiction to allow interest on an award of workmen's compensation, overruling *Fowler* v. *Muskegon County,* 340 Mich 522 (CL 1948, §§ 413.13, 438.7).

8. COURTS—OVERRULED CASE—RETROACTIVE EFFECT.
   Rule announced in current case allowing interest on award of workmen's compensation before judgment became final, thereby overruling an earlier case, is not to be regarded as retroactive.

9. EVIDENCE—COMMON KNOWLEDGE—MASTER AND SERVANT—DEPENDENCY ON WAGES.
   It is common knowledge that those who work for small wages are dependent upon such wages for their immediate livelihood.

10. WORKMEN'S COMPENSATION—INTEREST ON AWARD.
    Interest is allowed on award of workmen's compensation from date compensation would have been due had it been paid voluntarily (CL 1948, §§ 413.13, 438.7).

11. COSTS—CONSTRUCTION OF STATUTES.
    No costs are allowed in action to recover interest on award of workmen's compensation, where a question of statutory interpretation is involved.

DETHMERS, C. J., and CARR and KELLY, JJ., dissenting.

Appeal from Kent; Searl (Fred N.), J. Submitted June 4, 1959. (Docket No. 27, Calendar No. 48,-104.) Decided January 4, 1960.

Motion by Edna Wilson, guardian of Sharon Louise Bentley and Ronald Bentley, minor children of James A. Bentley, deceased, for judgment against Doehler-Jarvis Division of National Lead Company on unpaid workmen's compensation award. Judgment for plaintiff with interest from date of award. Defendant appeals. Plaintiff cross-appeals. Modified and remanded for computation of interest from date compensation would have been due if paid voluntarily.

*Marcus, Kelman, Loria, McCroskey & Finucan (Benjamin Marcus, of counsel), for plaintiff.*

*Warner, Norcross & Judd (Conrad A. Bradshaw, of counsel), for defendant.*

VOELKER, J. This appeal and cross-appeal involves a claim of interest on a workmen's compensation award. On May 11, 1954, the initial application for hearing and adjustment of claim before the workmen's compensation commission was filed by the injured employee, James A. Bentley. Thereafter Mr. Bentley died of cancer. On March 25, 1955, the plaintiff herein, Mrs. Edna Wilson, guardian for Mr. Bentley's 2 minor children, filed her application for hearing and adjustment of claim. An award was allowed by the hearing referee, which was ultimately appealed to and affirmed by this Court. See *Wilson* v. *Doehler-Jarvis Division of National Lead Company,* 353 Mich 363. So much for background.

Thereafter a motion was filed in the circuit court praying judgment on the award in accordance with the opinion of this Court and also seeking interest

on the award at the rate of 5% per annum from February 19, 1955, the date of death.   Judgment and interest were granted at the rate requested, but not the date, but instead from the date of the appeal board's order of October 23, 1956, and from the due date of each payment coming due thereafter.   From that judgment the parties have appealed and cross-appealed.   Defendant-appellant, Doehler-Jarvis Division of National Lead Company, claims that the circuit court had no jurisdiction whatever to allow any interest, and that, even if it possessed such jurisdiction, interest should not have been allowed until the award was final, which appellant urges is not until it had been finally affirmed by this Court. On her side plaintiff and cross-appellant understandably argues that the court had jurisdiction not only to allow interest, but that it should have been allowed from the date compensation first became due and payable.

The controversy boils down to 2 questions.   Can interest ever be allowed by the circuit court on a workmen's compensation award when neither the award nor the statute makes specific reference thereto?   Assuming jurisdiction in the circuit court ever to allow interest, at what point should such interest commence?

To support its claim that the circuit court was without jurisdiction to allow interest on the award, appellant cites us to *Fowler* v. *Muskegon County,* 340 Mich 522, a similar case dealing with the allowance of interest on a workmen's compensation award. That case held flatly that interest is statutory, and that because the workmen's compensation act did not specifically provide for interest, the circuit court was without authority to allow it.   Appellant then says in its brief:

"It is obvious that what is sought in this case is a reversal of the *Fowler* decision, and that Judge

Searl's opinion awarding interest is based not upon the settled law of the State of Michigan but upon his guess as to how a majority of the present Supreme Court might view the law.

"It is likewise obvious that adherence to the doctrine of *stare decisis* will result in a reversal of Judge Searl's decision, and a vacation of the judgment entered by him.

"Only if a majority of the present court is convinced (a) that the *Fowler* decision is wrong, (b) that the universally followed procedure under the Michigan workmen's compensation law that interest is not paid on awards should be set aside, and (c) that the rules of *stare decisis* should, in this case, be set aside, can the judgment appealed from be sustained."

Notwithstanding appellant's quoted understanding of the oft-discussed doctrine of *stare decisis,* this Court will not close its eyes to a possible error it may have committed in the past. We do not believe that the doctrine of *stare decisis* means that this Court and the evolution of the law should be controlled by the "dead hand from the past." Nor do we believe that this Court must perpetuate error simply because it may have reached a wrong result in one of its earlier decisions. Such is not our understanding of the doctrine of *stare decisis.* See *Van Dorpel* v. *Haven-Busch Co.,* 350 Mich 135, 148–155, for an extended discussion. With these thoughts in mind we will proceed to our discussion of the questions before us, and re-examine the principles set out in the cited *Fowler Case.*

The workmen's compensation act neither provides for, nor forbids, the allowance of interest by the circuit court; the subject is simply not mentioned.[*] The question is, does the circuit court have authority to allow the legal rate of interest when it enters

---

[*] CL 1948, § 413.13 (Stat Ann 1950 Rev § 17.187). But see CL 1948, § 438.7 (Stat Ann 1959 Rev § 19.4).

a judgment on a compensation award? In the *Fowler Case* we said that interest is purely statutory, yet the fact is that we have consistently allowed interest in many cases in which no express statute could be invoked. See *Hammond* v. *Hannin,* 21 Mich 374 (damages for breach of contract to convey land); *McCreery* v. *Green,* 38 Mich 172 (fraudulent conveyance, breach of contract); *Snow* v. *Nowlin,* 43 Mich 383 (fraudulent conveyance); *Taylor* v. *Bay City Street R. Co.,* 101 Mich 140 (damages for negligence); *Kaminski* v. *Wayne County Board of Auditors,* 287 Mich 62 (suit for back salary of a circuit court commissioner).

On this same subject the United States supreme court in *Rodgers* v. *United States,* 332 US 371, 373 (68 S Ct 5, 92 L ed 3) speaking through Mr. Justice Black said:

"There is no language in the agricultural adjustment act or in any other act of congress which specifically allows or forbids interest on penalties such as these prior to judgment. But the failure to mention interest in statutes which create obligations has not been interpreted by this court as manifesting an unequivocal congressional purpose that the obligation shall not bear interest. *Billings* v. *United States,* 232 US 261, 284–288 (34 S Ct 421, 58 L ed 596). For in the absence of an unequivocal prohibition of interest on such obligations, this court has fashioned rules which granted or denied interest on particular statutory obligations by an appraisal of the congressional purpose in imposing them and in the light of general principles deemed relevant by the court. See, *e. g., Royal Indemnity Co.* v. *United States,* 313 US 289 (61 S Ct 995, 85 L ed 1361); *Board of Commissioners of Jackson County* v. *United States,* 308 US 343 (60 S Ct 285, 84 L ed 313).

"As our prior cases show, a persuasive consideration in determining whether such obligations shall bear interest is the relative equities between the

beneficiaries of the obligation and those upon whom it has been imposed. And this court has generally weighed these relative equities in accordance with the historic judicial principle that one for whose financial advantage an obligation was assumed or imposed, and who has suffered actual money damages by another's breach of that obligation, should be fairly compensated for the loss thereby sustained (citing authority)."

We also feel that the failure of the legislature to mention interest does not necessarily mean that it intended that the obligation created by it should not bear interest. Rather we must look to the purpose of the legislation:

"The primary purpose of the workmen's compensation act[*] is to provide compensation for disability or death resulting from occupational injuries or diseases or accidental injury to or death of employees. The statute is a remedial one enacted primarily for the benefit of the man who works in the pursuits subject to its provisions; it is for the benefit of injured employees and not injured employers." (24 MLP, Workmen's Compensation, § 2, p 229).

Who benefited from the delay in payment here? Who, if anyone, suffered any loss? In the instant case the disputed claim for compensation has been in the throes of litigation for over 5 years. In the meantime the defendant-appellant has had the possession and use of funds that it now appears rightfully belonged all along to the plaintiff, while the plaintiff (theoretically if not actually) had to raise money elsewhere (and presumably pay interest on it) to meet the daily necessities of life. In a real sense, then, the employee and his dependents have been obliged to help subsidize the employer in the

---

[*] See CL 1948, § 411.1 et seq., as amended (Stat Ann 1950 Rev § 17.141 et seq., as amended).—REPORTER.

long, expensive fight for possession of the money thus wrongfully withheld.

Considering the broad purposes of the workmen's compensation act and the various equities involved we think and hold that the circuit court properly had jurisdiction to allow interest on the award. In so holding we expressly overrule the contrary principles expressed in the *Fowler Case*. This decision shall not, however, be regarded as retroactive.

We are now left with the question of when the interest should begin to run. In that regard we quote with approval the comments of Dean Roscoe Pound on the case of *Parker* v. *Brinson Construction Co.* (Fla), 78 So2d 873. This commentary may be found in 16 NACCA Law Journal, pp 135, 136.

"There was 'no controlling statute on the subject,' and the question was 'one of first impression' in Florida. The opinion of the court [p 875] puts the matter very well as follows: 'The basic philosophy of the act is to insure and secure prompt payment of compensation or other awards to the man who works for wages or his beneficiaries. This court knows that the smaller the award of compensation, the greater is the need for the prompt payment thereof. It is common knowledge that those who work for small wages are dependent upon such wages for their immediate livelihood. Inherent in the act itself is the intention that if such an award is wrongfully withheld (and under the law it is wrongfully withheld if it be eventually determined that it should have been paid), the person or the party which should have paid it should be compelled to pay, as damages for its detention, lawful interest thereon from the date it should have been paid.' There has been no clear weight of authority and difficulty seems to have arisen from a distinction between actions upon contract and actions for personal injuries. Generally in personal injury cases the courts have declined to allow interest before the

date of the judgment, whereas in actions *ex contractu* interest is allowed from the time of accrual of the cause of action. The Court rightly considers that the rule to be applied to awards in workmen's compensation cases is that applicable to actions *ex contractu*. Accordingly it holds that interest is to be awarded at the statutory rate from the date when the claimant should have been receiving compensation. 'Any other rule affords the carrier or employer an advantage wholly disproportionate to the harm that befalls the beneficiary. Moreover such would result in a situation never contemplated nor intended by the workmen's compensation law and which would be repugnant to its basic purposes.'"

We have already cited the Michigan statute which provides for interest "in all actions founded on contracts express or implied." (CL 1948, § 438.7 [Stat Ann 1959 Rev § 19.4].)

Under a general statute of this nature, Minnesota, in an early case, *Brown* v. *City of Pipestone,* 186 Minn 540 (245 NW 145), allowed interest on workmen's compensation awards from the date they should have been paid.

In discussing the principle involved in the leading case of *Bourdeaux* v. *Gilbert Motor Co.,* 220 Minn 538, 541 (20 NW2d 393, 394), the court said:

"The sole question raised in that case (*Brown* v. *City of Pipestone*) was * * * 'whether or not unpaid instalments of compensation bear interest at the legal rate from the date when under the provisions of the compensation act they should have been paid.' We there held: '* * * Compensation in this State is a liability arising out of the contract of employment, and the compensation act becomes a part of every contract of employment.' We there further stated: 'Here was a contract debt due at the times when the compensation instalments should have been paid under the provisions of the act, and we see no reason why it should not, like any other

debt, bear interest at the legal rate when it is subsequently decided that the debt existed.' "

It appears that the majority of the courts in this nation, under either general or specific interest statutes, hold that interest should be paid on workmen's compensation claims. See *Sunny Point Packing Co. v. Faigh* (CCA 9), 63 F2d 921; *Bourdeaux* v. *Gilbert Motor Co., supra; Parker* v. *Brinson Construction Co., supra.* The best reasoned of these cases, including the 3 cited above, appear to us to hold that interest should run from the date when the workmen's compensation claim should have been paid.

The judgment of the trial court is therefore modified and the case remanded with instructions to compute and allow interest on the award from the date compensation would have been due had it been paid voluntarily. No costs, a question of statutory interpretation being involved.

SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred with VOELKER, J.

CARR, J. (*dissenting*). This case raises questions of law, some of which involve the interpretation of the workmen's compensation act.* The material facts are not in dispute. James Bentley, father of the minors in whose behalf this proceeding has been prosecuted, was an employee of the defendant for several years prior to his death on February 18, 1955. In 1951 he received an injury to his lower lip. Subsequently a cancerous condition developed which was, as found by the workmen's compensation appeal board, a factor in the condition resulting in death. The employee instituted proceedings for compensation under the statute, which were pending at the time of his death. Thereafter the guard-

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1950 Rev § 17.141 *et seq.*, as amended]).

ian of his minor children sought compensation for such minors because of their father's death.

The referee hearing the matter granted an award, which was affirmed by the appeal board and sustained by this Court in *Wilson* v. *Doehler-Jarvis Division of National Lead Company,* 353 Mich 363. The award in question granted to the plaintiff $26 per week until further order, but not exceeding 400 weeks from and after February 19, 1955, and also medical and funeral expenses in the total sum of $5,144.16. The decision of this Court upholding the award was rendered July 15, 1958. Ten days later plaintiff filed in the circuit court of Kent county a motion for judgment in accordance with the order of the workmen's compensation appeal board which, on October 23, 1956, affirmed the action of the referee. Said motion specifically referred to the provision for payments at the rate of $26 per week, and to the amount allowed for expenses of the last illness and burial of James Bentley. In addition thereto the motion requested judgment for interest at 5% per annum to be computed on the latter item from February 19, 1955, until payment, and also for interest at the same rate upon the compensation payments from the due date of each, beginning on the same date.

Attached to the motion was a certified copy of the order of the workmen's compensation appeal board of October 23, 1956. Pursuant to the stipulation of counsel, filed August 22, 1958, drafts of the defendant covering funeral and medical expenses and the weekly payments from February 19, 1955, to July 18, 1958, were accepted in payment of the amount due as ordered by the appeal board, such acceptance being without prejudice insofar as plaintiff's claim to interest was concerned. Thereafter the trial court passed on the motion of plaintiff for the allowance of interest and by an opinion filed December 1, 1958,

concluded that plaintiff should receive such from the date of the order of the appeal board until date of payment on July 30, 1958, the total sum allowed being $757.87. Judgment was entered accordingly for that amount, with costs in the sum of $25.

The principal amount due under the terms of the award having been paid previously, the judgment made no reference to the award as certified. It thus appears that the proceeding in circuit court became in effect an action for the recovery of interest which the award did not undertake to make and which was brought into the case by plaintiff's motion. From the judgment entered both parties have appealed, the plaintiff claiming that interest should have been allowed from the date of death of James Bentley, and the defendant contending that under the provisions of the workmen's compensation law, above cited, no interest is allowable on an award and that the trial court was without power to enter the judgment in question.

As stated, it was the opinion of the trial court that interest should be allowed from the date of the award of the workmen's compensation appeal board. Mr. Justice VOELKER has written to sustain the theory and claim of plaintiff and in accordance therewith would remand the case with instructions to allow interest from the date that compensation "would have been due had it been paid voluntarily." We cannot agree that either conclusion is in accord with the provisions of the workmen's compensation act.

The question at issue goes to the jurisdiction of the circuit court of Kent county to render the judgment from which the parties have appealed. The section of the statute under which the jurisdiction of said court was invoked is part 3, § 13, of the workmen's compensation law (CL 1948, § 413.13 [Stat

Ann 1950 Rev § 17.187]).  Said section as amended by PA 1943, No 245, reads as follows:

"Any party may present a certified copy of a decision made by the compensation commission, or any member or deputy member thereof, in any compensation proceeding to the circuit court of the circuit in which the injury occurred or to the circuit court of the county of Ingham if the injury was sustained without the State of Michigan, whereupon said court shall, upon 7 days' notice to the opposite party or parties, render judgment in accordance therewith unless proof of payment is made; such judgment shall have the same effect as though rendered in an action tried and determined in said court and shall with like effect be entered and docketed."

It will be noted from the language of the statute that on presentation of a duly certified copy of an award for compensation it becomes the duty of the circuit court to enter judgment in the absence of proof that payment has been made.  Presumably the requirement as to 7 days' notice was designed to give the opposite party or parties in interest an opportunity to offer such proof.  In the instant case it is conceded that the order of the appeal board sustaining the award was complied with by payment prior to the judgment.  Such order made no reference to interest.  In other words, neither the referee nor the appeal board assumed authority in that respect.

The judgment of the circuit court was not based on the provisions of the award as certified, but rested on the claim advanced in behalf of plaintiff that she was entitled to interest and that the circuit court should enter judgment accordingly.  It will be noted that the statute, after reference to the order granting the award and the certification thereof, declares that the court shall "render judgment in accordance therewith."  The intent and purpose of the statute

are clear. The circuit court in acting on certification presented to it is not authorized to review the action of the workmen's compensation appeal board or other matters in connection with the proceeding. Its function is limited to the entering of a judgment based on the award as certified. It is not given authority to permit an amendment of the award, or to make additions thereto or deductions therefrom. As stated by Mr. Justice STARR in *Scalzo* v. *Family Creamery Co.,* 308 Mich 587, 589, 590:

"The only purpose of the proceedings in circuit court was to collect the department's award."

The section of the statute above quoted was designed to give to the beneficiary or beneficiaries of an award of compensation a remedy to enforce collection thereof. To that end the legislature declared that the judgment entered should have "the same effect as though rendered in an action tried and determined in said court."

The legislature in the section of the law under which the jurisdiction of the circuit court was invoked has clearly defined the extent of authority thereof, specifying in unambiguous terms that the judgment shall be in accordance with the award. In *Brown* v. *George A. Fuller Co.,* 193 Mich 214, 219, the Court referred specifically to the language of the statute and the requirement that the judgment should be entered "in accordance" with the award, declaring that such language means that the judgment should recite and follow the award. Such interpretation is logical in view of the obvious purpose of the legislature which, as above indicated, was to furnish a means for the enforcement of the award. The jurisdiction of the circuit court in a case of this kind does not extend beyond the carrying out of that purpose. It is bound by the order making such award as certified to it. Such an award

is the result of an administrative determination and is not subject to review by a circuit court on a motion for the entering of judgment under the statute. The exercise of jurisdiction by such court is limited to the entering of a judgment in accordance with and based on the award, and does not extend to any issue of modification.

In the instant case the award which plaintiff sought to enforce by obtaining a judgment under the statute made no reference to interest. The proceeding for compensation is purely statutory in origin and in procedure. The rights and obligations of the parties concerned must be determined by reference to the act of the legislature. We are not dealing with a common-law right of action, but, rather, with the interpretation of a statute enacted in the interest of the general economic welfare. As pointed out in *Henry* v. *Ford Motor Co.*, 291 Mich 535, 540:

"The matter of compensation payable to the injured employee is one in which the State and public are interested. *Harrington* v. *Department of Labor & Industry*, 252 Mich 87. It is not a private matter between the employer and employee."

It is the duty of those charged with the administration of the law to grant compensation in accordance with its provisions. As said by Mr. Justice OSTRANDER in *Kirchner* v. *Michigan Sugar Co.*, 206 Mich 459, 465, in the unanimous opinion of the Court:

"The purpose of the compensation law is compensation at rates which the law itself, directly or indirectly, but certainly, fixes. Claimant is entitled to receive, and his employer is obligated to pay, no more and no less than the statute compensation."

The legislature in the enactment and amendment of the statute in question has specified with particularity the factual situation giving rise to a right

of compensation, the procedure to be observed in connection therewith, and the awards that may be made. It is the statute itself that speaks with reference to these matters. Had the legislature intended that administrative officers clothed with authority to carry out the provisions of the law might allow interest in addition to the amounts fixed by way of compensation, we have no doubt that provision to that end would have been made. This was not done, and the courts have no authority to read into the statute a provision that the legislature has not seen fit to incorporate. Arguments to the effect that interest should be permitted must be addressed to the legislature rather than to the courts.

The omission of any provision in the statute for the allowance of interest indicates the intent of the legislature. The provision allowing the beneficiary of an award to obtain judgment in circuit court, based thereon, such judgment to be subject to the incidents pertaining thereto under the general law of the State, granted a remedy for the enforcement of payment. It may be noted also that by CL 1948, § 414.10 (Stat Ann 1950 Rev § 17.198[6]), the legislature has incorporated in the statute a provision that an insurance carrier engaged in writing workmen's compensation insurance that fails unreasonably to pay claims promptly is subject to revocation of its license to carry on business in this State. Thus we have in the statute not only a provision for obtaining judgment on an award but also provision for a somewhat drastic penalty against an insurance carrier that does not properly discharge its obligation to make compensation payments. Whatever the reasons therefor, the fact remains that the legislature, while making provision for enforcement of payment and collection of compensation awards has not seen fit to include liability for interest either in the original act or in the amendments thereto.

This being wholly a statutory proceeding the rights and obligations of parties concerned rest entirely on the statute. Such was the view of this Court in *Fowler* v. *Muskegon County,* 340 Mich 522. There, as in the case at bar, counsel for the plaintiff moved in circuit court for a judgment on certified copy of an award. There, as here, payment of the principal amount due was made on behalf of defendant, without interest. The circuit court denied plaintiff's claim that interest should be allowed for a period of approximately 8 years. The award was based on loss of vision in an eye, the loss occurring August 4, 1944, and final payment being made August 27, 1952. On appeal this Court affirmed the order of the circuit judge, which denied judgment to plaintiff, pointing out that under the specific terms of the statute (CL 1948, § 411.4 [Stat Ann 1950 Rev § 17.144]) the right to recovery of compensation benefits as provided in the statute should be "the exclusive remedy against the employer." It was further stated that, prior thereto, interest had not been claimed or awarded on compensation ordered paid, a circumstance that indicated the uniform construction placed on the workmen's compensation law with reference to such matter from the time of its enactment to the submission of the motion for judgment on the award. It may be further noted that since the decision in *Fowler* v. *Muskegon County* the legislature has not seen fit to amend the statute by incorporating therein a provision for interest.

As bearing on the matter of the intent of the legislature in the enactment of the workmen's compensation act, the provision of the title, which must be regarded as setting forth the object and purpose to be attained by the statute, restricting "the right to compensation or damages in such cases to such as are provided by this act" may not be ignored. Such declaration is consistent with the provisions defin-

ing with particularity the rights and obligations of employees and employers subject thereto, the procedure to be observed in determining the right to compensation and the amount thereof, and the remedies provided to enforce the making of payments in accordance with orders granting awards. Obviously it was not the intent of the legislature that rights or duties might be asserted in addition to those specifically granted and imposed. The provisions of the statute exclude implications.

It may be noted also that to impose on an employer an obligation to pay interest, if an award is made against him, from the time that voluntary payments might have been commenced, would in effect result in imposing the added burden for failure to make such voluntary payments. Such result is not consistent with the statute which clearly contemplates that the employer is entitled to have his duty to pay compensation to his employee, as well as the amount thereof, determined in accordance with the legislative procedure. On what theory may it be said that the obligation to pay an award arises in advance of the making of such award in accordance with the law? It must be borne in mind that such obligation is created by statute which has been enacted pursuant to the police power of the State. The rights and obligations granted and imposed thereby have been created by legislative action and must be determined in accordance therewith.

In view of the procedure followed in circuit court in the instant case the decision of the Illinois supreme court in *Friedman Manfg. Co.* v. *Industrial Commission,* 284 Ill 554 (120 NE 460), is of interest. The Illinois statute, like that of Michigan, provides for the entering of a judgment in court based on an award of compensation. Commenting thereon, it was said (p 558):

"The judgment entered by the court is in the nature of an execution of the award, to the end that adequate means may be provided for its enforcement, and on such an application the court has no jurisdiction to review the decision, construe the statute or determine whether the decision of the board was correct or not."

Of like import is *Cobine* v. *Industrial Commission,* 350 Ill 384 (183 NE 220), where it was held that the court, reviewing on certiorari an award of the industrial commission of the State, had no authority to modify said award by providing for a lump-sum payment. The court, as the basis for its conclusion, pointed out that the statute contained no provision authorizing such action by the circuit court, and that under the statute a lump-sum payment could be authorized only by the commission upon proper petition to it by employer, employee, or beneficiary.

For the reasons stated we conclude that the judgment of the circuit court was erroneous. The statute under which the jurisdiction of said court was invoked contemplates merely the entry of judgment to facilitate collection of an award, and judgment must be based on such award. The court was not granted jurisdiction by the statute to hear and determine plaintiff's application for the allowance of interest. Whether interest should be allowed on an award is a matter for determination by the legislature. The workmen's compensation law in its present form contains no provision therefor. The proceeding being wholly statutory, the rights and obligations of the parties must be determined accordingly by reference to the provisions of the law, and courts may not read into the statute a provision that the legislature has not seen fit to incorporate.

The cause should be remanded to circuit court with directions to set aside the judgment entered, and to enter judgment for defendant. The question in-

volved being one of public interest, no costs are allowed.

DETHMERS, C. J., and KELLY, J., concurred with CARR, J.