WILLIS *v.* MICHIGAN STANDARD ALLOY CASTING.

1. WORKMEN'S COMPENSATION—RES JUDICATA.
   The doctrine of *res judicata* applies to workmen's compensation claims before the workmen's compensation department.

2. SAME—INTEREST ON AWARD—LAPSE OF APPEAL PERIOD.
   Claim for interest on all benefits awarded to plaintiff which were

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation § 493.
   *Res judicata* as regards decisions or awards under workmen's compensation acts. 122 ALR 550.
[2] 30 Am Jur, Interest § 10.
[4] 58 Am Jur, Workmen's Compensation § 543.

paid after their due date was improperly allowed by workmen's compensation department and its appeal board, where made after expiration of period for appeal from affirmance of the award by the appeal board.

3. SAME—INTEREST ON AWARD—PROSPECTIVE OPERATION OF DECISION.
Interest on an award of workmen's compensation on which period for taking an appeal had expired before decision of Supreme Court allowing interest on such awards prospectively was not a case pending before the department.

4. SAME—INTEREST ON AWARD—COSTS.
No costs are allowed on reversal of award of workmen's compensation appeal board improperly allowing interest on delayed payment of workmen's compensation.

Appeal from Workmen's Compensation Appeal Board. Submitted April 6, 1962. (Docket No. 36, Calendar No. 49,433.)   Decided July 2, 1962.

Dorothy Willis, widow of Eugene Willis filed her claim for compensation against Michigan Standard Alloy Casting, employer, and Michigan Mutual Liability Company, insurer, because of death of husband from silicosis. Award to plaintiff. Subsequent claim filed for interest on accumulated back payments. From an order directing payment of interest, defendant appeals. Reversed.

*Kelman, Loria, Downing & Craig* (*Jerome W. Kelman,* of counsel), for plaintiff.

*LeVasseur, Werner & Mitseff* (*Norman J. LeVasseur,* of counsel), for defendants.

SOURIS, J. The appeal board of the workmen's compensation department affirmed an award of benefits to plaintiff in March of 1959. In July of the same year, she filed an application for hearing and adjustment of claim for interest upon all benefits awarded

to her paid after their due dates. Our decision in *Wilson* v. *Doehler-Jarvis*, 358 Mich 510, by which we first determined that such interest is recoverable, was made in the following January of 1960, and in the opinion announcing that decision a majority of this Court said, at p 517, "This decision shall not, however, be regarded as retroactive." One month after our decision in *Wilson* v. *Doehler-Jarvis*, a workmen's compensation department referee passed upon plaintiff's application and claim pending at the time of our decision in *Wilson* and awarded plaintiff the interest she claimed. The award was subsequently affirmed by the appeal board and we granted leave to defendants to file this appeal.

Defendants contend that plaintiff should not have been awarded interest on an award after it was made and after the appeal period had expired. It is their claim that the original award was *res judicata* of all claims that could have been made in the original proceedings whether or not they were in fact presented and considered.

We have previously held, in *Besonen* v. *Campbell*, 243 Mich 209; *Valisano* v. *Chicago & Northwestern R. Co.*, 247 Mich 301; and in cases cited in the dissenting opinion in *Hayward* v. *Kalamazoo Stove Co.*, 290 Mich 610, at p 649, that the doctrine of *res judicata* applies to workmen's compensation claims before the department. Defendants objected, for this reason, to the proceedings before the referee and the appeal board for the determination of plaintiff's interest claim. Their objection was valid and should have barred further proceedings after expiration of the period for appeal from affirmance of the award in March of 1959 by the appeal board. Accordingly, it cannot be said that the award of interest in plaintiff's favor 1 month after our decision in *Wilson* v.

*Doehler-Jarvis, supra,* was made in a case then pending before the department.
Reversed. No costs.

BLACK, KAVANAGH, OTIS M. SMITH, and ADAMS, JJ., concurred with SOURIS, J.

CARR, C. J., and DETHMERS and KELLY, JJ., concurred in result.