NATIONAL UNION FIRE INSURANCE COMPANY v RICHMAN

Docket No. 139588. Submitted November 2, 1993, at Grand Rapids. Decided May 3, 1994, at 9:30 A.M. Leave to appeal sought.

National Union Fire Insurance Company brought an action in the Kalamazoo Circuit Court against Calvin R. Richman, personal representative of the estate of Gary Richman, seeking to set aside a worker's compensation redemption agreement that had been approved by order of a worker's compensation magistrate in settlement of a claim the decedent made against Midwest Steel Erectors, the plaintiff's insured. The defendant filed a counterclaim for the enforcement of the magistrate's order pursuant to MCL 418.863; MSA 17.237(863). The court, William G. Schma, J., entered a judgment for the defendant and awarded interest at a rate of ten percent a year pursuant to MCL 418.835; MSA 17.237(835). The plaintiff appealed the award of interest.

The Court of Appeals *held:*

Under MCL 418.835; MSA 17.237(835), a judgment entered in circuit court in accordance with an order of a worker's compensation magistrate has the same effect as a judgment rendered in an action tried and determined in the court. MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 govern the award of interest on money judgments obtained in civil actions founded on contract, including actions for enforcement of worker's compensation awards. Interest on the award in this case is calculated properly at five percent a year pursuant to MCL 438.7; MSA 19.4 from the date the order of the worker's compensation magistrate became final to the date of the defendant's counterclaim for enforcement of the order and at the applicable rate provided under MCL 600.6013; MSA 27A.6013 from the date of the defendant's counterclaim until the judgment is satisfied.

Affirmed but remanded for recalculation of interest.

WORKER'S COMPENSATION — REDEMPTION AGREEMENTS — ENFORCEMENT IN CIRCUIT COURT — INTEREST.

Interest on a circuit court judgment enforcing an order by a

REFERENCES

Am Jur 2d, Damages §§ 648-682.

See ALR Index under Interest on Money; Workers' Compensation.

worker's compensation magistrate to award benefits to a claimant pursuant to a redemption agreement accrues pursuant to MCL 438.7; MSA 19.4 at the rate of five percent a year from the date the order becomes final to the date of the filing of the complaint for enforcement of the order; thereafter, interest accrues pursuant to MCL 600.6013; MSA 27A.6013 at the applicable rate provided thereunder from the date of the filing of the complaint until the judgment is satisfied (MCL 418.863; MSA 17.237[863]).

*Kluczynski, Girtz & Vogelzang* (by *Ella S. Parker*), for the plaintiff.

*Craig & Craig* (by *Mark J. Craig*), for the defendant.

Before: JANSEN, P.J., and FITZGERALD and P. J. CONLIN,* JJ.

PER CURIAM. Plaintiff National Union Fire Insurance Company appeals as of right from the circuit court's judgment in favor of defendant upholding the validity of the parties' redemption agreement and awarding interest. We affirm, but remand for recalculation of interest.

I

This case arises from a worker's compensation claim filed by the deceased before he died but after he sustained a lower back injury in the course of his employment with Midwest Steel Erectors, plaintiff's insured. During the course of the proceedings, the deceased was diagnosed as having Hodgkin's Disease. After the parties entered into a redemption agreement with the magistrate's approval, the deceased died. Plaintiff moved to set aside the agreement on the basis of mutual mistake regarding the nature and extent of the de-

* Circuit judge, sitting on the Court of Appeals by assignment.

ceased's Hodgkins Disease. The magistrate and the Worker's Compensation Appellate Commission denied the motions.

Plaintiff subsequently filed an action in circuit court seeking to set aside the redemption agreement. Defendant Calvin Richman, personal representative of the estate of Gary Richman, filed a counterclaim for enforcement of the redemption order pursuant to MCL 418.863; MSA 17.237(863), and requested interest from the date the redemption order became final. The court refused to rescind the agreement and entered judgment on the redemption order pursuant to MCL 418.863; MSA 17.237(863). The court also awarded interest at a rate of ten percent a year.

II

On appeal, plaintiff contends that the court did not have authority to award interest because the Worker's Disability Compensation Act (WDCA), MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*, does not provide for an award of interest for a judgment entered upon a redemption agreement. We disagree.

In awarding interest, the trial court primarily relied upon *Wilson v Doehler-Jarvis Div of Nat'l Lead Co,* 358 Mich 510; 100 NW2d 226 (1960). In *Wilson,* the plaintiff filed a motion in circuit court requesting a judgment on an award of weekly compensation benefits with interest at the rate of five percent a year. The circuit court entered a judgment and awarded interest from the date of the appeal board's order. The issue before the Michigan Supreme Court was whether the circuit court had the authority to award interest upon entry of a judgment on a compensation award. *Id.,* pp 514-515.

The Supreme Court recognized that the primary purpose of the Workmen's Compensation Act (the WDCA's predecessor) was to provide compensation for disability or death resulting from occupational injuries or diseases or accidental injury to or death of employees. The Court also noted the inequities suffered by the plaintiff as a result of the five-year delay in receiving the funds to which he was rightfully entitled. *Id.,* pp 516-517. In construing the act's purpose and equities together as favoring the plaintiff, the Court held that the circuit court had jurisdiction to allow interest on the award. *Id.,* p 517.[1]

In the present case, defendant sought to reduce the redemption order to a judgment through his counterclaim, and specifically requested interest from the date the redemption order was entered. Although the WDCA does not expressly allow or forbid interest on a judgment entered upon a redemption agreement and order,[2] MCL 418.863; MSA 17.237(863) provides:

Any party may present a certified copy of an order of a hearing referee, worker's compensation magistrate, an arbitrator, the director, the appeal board, or the appellate commission in any compensation proceeding to the circuit court for the circuit in which the injury occurred, or to the circuit court for the county of Ingham if the injury was sustained outside this state. The court, after 7 days notice to the opposite party or parties, shall render

---

[1] After *Wilson,* the Legislature enacted MCL 418.801(6); MSA 17.237(801)(6), which allows interest on an award of weekly compensation at the rate of ten percent a year from the date each payment was due until paid.

[2] MCL 418.835(1); MSA 17.237(835)(1) provides that if special circumstances are found that in the judgment of the hearing referee or magistrate require the payment of a lump sum, the referee or magistrate may direct that the deferred payments due under this act be commuted on the present worth at ten percent a year to one or more lump sum payments.

judgment in accordance with the order unless proof of payment is made. *The judgment shall have the same effect as though rendered in an action tried and determined in the court and shall be entered and docketed with like effect.* [Emphasis added.]

Interest may be granted on judgments rendered in actions tried in the circuit courts. MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013. In light of the *Wilson* decision and MCL 418.863; MSA 17.237(863), which implicitly allows the court to grant interest, this Court holds that the trial court had authority to award interest upon entry of the judgment pursuant to the magistrate's redemption order.

III

Next, this Court must determine the applicable interest rate. The right to an award of worker's compensation benefits, including interest, arises out of the contractual relationship between employers and employees. *Wilson, supra,* pp 518-519; *Brown v Eller Outdoor Advertising Co,* 139 Mich App 7, 12; 360 NW2d 322 (1984). Moreover, the redemption agreement entered into by the parties is a contract to settle the dispute between the parties without an adjudication or a determination of the rights of the parties under the WDCA. *Allen v Garden Orchards, Inc,* 437 Mich 417, 429-430; 471 NW2d 352 (1991).

Here, plaintiff sought to set aside the redemption agreement on the basis of mutual mistake. In contractual disputes, MCL 438.7; MSA 19.4[3] and

---

[3] MCL 438.7; MSA 19.4 provides:

In all actions founded on contracts express or implied, whenever in the execution thereof any amount in money shall be

MCL 600.6013; MSA 27A.6013[4] govern the award of interest to a prevailing party. Under MCL 438.7; MSA 19.4 interest accrues from the date of the award until payment or judgment is rendered. MCL 600.6013; MSA 27A.6013 allows interest from the date of the filing of a complaint until the judgment is satisfied.

The enforcement of the redemption order pursuant to MCL 418.863; MSA 17.237(863) is similar to the procedure utilized in confirming arbitration awards. In *Gordon Sel-Way, Inc v Spence Bros, Inc,* 438 Mich 488, 504; 475 NW2d 704 (1991), the Michigan Supreme Court explained the application of MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 to a judgment confirming an arbitration award:

> We hold that the appropriate rate of interest under MCL 438.7; MSA 19.4 is five percent per annum. However, we agree with Sel-Way that the plain language of both MCL 438.7; MSA 19.4 and MCL 600.6013; MSA 27A.6013 requires this Court to find that MCL 438.7; MSA 19.4 governs the

liquidated or ascertained in favor of either party, by verdict, report of referees, award of arbitrators, or by assessment made by the clerk of the court or by any other mode of assessment according to law, it shall be lawful, unless such verdict, report, award, or assessment shall be set aside, to allow and receive interest upon such amount so ascertained or liquidated, until payment thereof, or until judgment shall be thereupon rendered; and in making up and recording such judgment, the interest on such amount shall be added thereto, and included in the judgment.

[4] MCL 600.6013; MSA 27A.6013 provides in relevant part:

(1) Interest shall be allowed on a money judgment recovered in a civil action, as provided in this section . . . .

* * *

(4) For complaints filed on or after June 1, 1980, but before January 1, 1987, interest shall be calculated from the date of filing the complaint to the date of satisfaction of the judgment at the rate of 12% per year compounded annually . . . .

award of interest from the date an arbitration award is rendered until the date a civil complaint is filed to confirm the award and reduce it to judgment. MCL 600.6013; MSA 27A.6013 governs the award of interest from the date a complaint is filed until the judgment is satisfied.

Thus, the rate of five percent a year under MCL 438.7; MSA 19.4 should be applied from the date the redemption order became final, which was March 29, 1988 (15 days after affirmance by the assistant director) until the date defendant's counterclaim was filed. Afterward, MCL 600.6013; MSA 27A.6013 governs the award of interest until the judgment is satisfied. *Gordon Sel-Way, supra,* p 504. Accordingly, we remand to the trial court for computation of interest.

Affirmed and remanded. We do not retain jurisdiction.