BLEMASTER *v.* LANSING MACK SALES & SERVICE.

1. WORKMEN'S COMPENSATION—COURTS—JUDGMENT.
   A circuit court is authorized, by statute, to render judgment on a final award for workmen's compensation benefits unless the award has been paid (CL 1948, § 413.13).

2. SAME—JUDGMENT—INTEREST.
   A circuit court, when entering judgment pursuant to a final and unpaid award for workmen's compensation benefits, may allow interest thereon.

3. SAME—PAYMENT.
   A circuit court has no authority to enter judgment on a final award for workmen's compensation benefits, where the award has already been paid, since the statute allows entry of judgment only when the award is unpaid (CL 1948, § 413.13).

4. SAME—CLAIM FOR INTEREST ON BENEFITS—APPEAL AND ERROR—RES JUDICATA.
   A claim for interest on workmen's compensation benefits can and should be made during the proceedings before the workmen's compensation department, and an appeal taken if the claim is denied, since failure to make the claim in such proceedings makes the matter *res judicata.*

REFERENCES FOR POINTS IN HEADNOTES
[1–3] 58 Am Jur, Workmen's Compensation § 484.
[4] 58 Am Jur, Workmen's Compensation § 490 *et seq.*

Appeal from Ingham; Coash (Louis E.), J. Submitted Division 2 March 3, 1967, at Lansing. (Docket No. 2,730.)   Decided June 13, 1967.

Complaint by Gale A. Blemaster against Lansing Mack Sales & Service and Michigan State Accident Fund to recover interest on an award for workmen's compensation benefits, the principal amount of which award had previously been paid by defendants. Summary judgment for defendants. Plaintiff appeals. Affirmed.

*Sinas, Dramis, Brake & Werbelow (Barry D. Boughton,* of counsel), for plaintiff.

*Peter B. Munroe,* for defendants.

T. G. KAVANAGH, P. J. On February 3, 1963, a workmen's compensation hearing referee entered an award for $925.30 in favor of plaintiff and against defendants. The appeal board affirmed the award, which did not include interest. On December 24, 1964, defendants gave plaintiff a draft for $925.30 in payment of the award. Plaintiff accepted the draft and cashed it.

On May 4, 1965, plaintiff filed a complaint in the Ingham county circuit court, pursuant to CL 1948, § 413.13 (Stat Ann 1960 Rev § 17.187), asking judgment for interest on the award. The statute provides that when a party presents a certified copy of a decision by the compensation commission, the circuit court shall render judgment in accordance therewith "unless proof of payment is made."

The circuit court granted defendants' motion for summary judgment because plaintiff had accepted defendants' check in payment of the award. Plaintiff claims that the court should have denied defend-

ants' motion for summary judgment and granted his own.

The statute authorizes the circuit court to render judgment on the award unless paid. The Supreme Court of Michigan has held that when the circuit court enters such a judgment it may allow interest. *Wilson* v. *Doehler-Jarvis Division of National Lead Company* (1960), 358 Mich 510. But in the present case the circuit court was not authorized to enter judgment on the award because there was proof of payment. The right to allow interest depends upon the authority under the statute to render judgment on the award. Since there was no such authority here, because of payment, the circuit court could not enter a separate judgment for interest.

The claim for interest could and should have been made during the proceedings before the compensation department. If the claim was made and denied, appeal was appropriate procedure. If the claim was not made the matter is *res judicata*. See *Willis* v. *Michigan Standard Alloy Casting* (1962), 367 Mich 140.

Under either circumstance defendants' motion for summary judgment was properly granted.

Affirmed.

QUINN and McGREGOR, JJ., concurred.