*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ADAM MASSERANT,

       Appellant,

v

STATE EMPLOYEES' RETIREMENT SYSTEM,

       Appellee.

UNPUBLISHED
November 17, 2022

No. 359389
Ingham Circuit Court
LC No. 21-000436-AA

Before: HOOD, P.J., and JANSEN and K. F. KELLY, JJ.

PER CURIAM.

Appellant appeals by right the circuit court's order affirming appellee's decision to deny appellant's application for disability retirement benefits. Finding no errors warranting reversal, we affirm.

## I. BASIC FACTS AND PROCEDURAL HISTORY

Appellant Adam Masserant, a park and recreation ranger with the Michigan Department of Natural Resources, submitted an application for disability retirement benefits in 2019 on the basis that his back, neck, shoulder, and hip pain rendered him permanently disabled from performing his job duties. Appellant was examined by an independent medical advisor (IMA), who concluded that on the basis of his examination and review of appellant's medical records, appellant was not permanently disabled. Accordingly, appellee denied appellant's application.

This decision was affirmed by an administrative law judge after an administrative hearing and by the circuit court that heard appellant's appeal. Both the administrative law judge and the circuit court concluded that appellant's failure to obtain a certification from the IMA stating that appellant was permanently disabled rendered appellant ineligible for disability retirement benefits under MCL 38.67a. This appeal followed.

## I. JURISDICTIONAL ISSUE

As a preliminary matter, we must address appellee's argument that this Court lacks jurisdiction over appellant's claim of appeal. "Whether this Court has jurisdiction to hear an appeal

-1-

is a question of law reviewed de novo." *Tyrrell v Univ of Mich*, 335 Mich App 254, 260-261; 966 NW2d 219 (2020).

A party has an appeal as of right from any final judgment or final order of the circuit court except final judgments or orders "on appeal from any other court or tribunal." MCR 7.203(A)(1)(a). Because appellee contends that it was acting as a tribunal, it argues that appellant did not have an appeal as of right under MCR 7.203.

"Tribunals include administrative agencies acting in a judicial or quasi-judicial capacity." *Natural Resource Defense Council v Dep't of Environmental Quality*, 300 Mich App 79, 86; 832 NW2d 288 (2013) (quotation marks, citation, and brackets omitted). As this Court explained in *Natural Resource Defense Council*:

> [N]ot all agencies' actions are taken in a judicial or quasi-judicial capacity. To determine whether an administrative agency's determination is adjudicatory in nature, courts compare the agency's procedures to court procedures to determine whether they are similar. Quasi-judicial proceedings include procedural characteristics common to courts, such as a right to a hearing, a right to be represented by counsel, the right to submit exhibits, and the authority to subpoena witnesses and require parties to produce documents. [*Natural Resource Defense Council*, 300 Mich App at 86 (citations omitted).]

According to appellee, this Court lacks jurisdiction over appellant's claim of appeal as of right because the administrative proceedings below were quasi-judicial in nature. Appellee avers that appellant was afforded the right to a hearing, the right to be represented by counsel, and the right to call witnesses and submit evidence, albeit without subpoena power. Thus, in almost all respects, the administrative proceedings included the "procedural characteristics common to courts . . . ." *Id*. The question, therefore, is whether the lack of subpoena power sufficiently differentiates the proceedings from those employed in traditional courtrooms. We conclude it does not.

The lack of subpoena power did not divest the administrative proceedings below of having the character of quasi-judicial proceedings. While the ability to subpoena witnesses to testify or produce documents is a characteristic common to court actions, indeed a vital one, we are unaware of any case where the lack of one such characteristic, while all others are present, renders the proceedings as nonjudicial. Indeed, appellant had and exercised the opportunity to call witnesses and introduce documentary evidence, and there is no suggestion that appellant attempted to—but could not—call certain witnesses because he lacked subpoena power. This is in contrast to the published decisions reviewed by this Court in which we rejected challenges to our jurisdiction. See *William Beaumont Hosp v Wass*, 315 Mich App 392, 400; 889 NW2d 745 (2016) (no right to call witnesses, cross-examine responsible individuals, or hold an evidentiary hearing); *Natural Resource Defense Council*, 300 Mich App at 86-87 (public hearings with no opportunity or right to call witnesses).

Notwithstanding our conclusion that we lack jurisdiction over appellant's claim of appeal, given the constitutional issues raised by appellant in his brief, the Court will treat appellant's claim of appeal as an application for leave to appeal, grant leave, and decide the issue on the merits. See

*Wardell v Hincka*, 297 Mich App 127, 133 n 1; 822 NW2d 278 (2012) (discussing this Court's discretion to treat a claim of appeal as an application for leave to appeal, grant leave, and address the merits of an issue).

## III. DUE PROCESS

Appellant argues that his right to due process was violated because under MCL 38.67a(5),[1] an applicant for disability retirement benefits must obtain certification from an IMA that the applicant is permanently disabled. Thus, according to appellant, the IMA's decision is essentially unreviewable by any agency or court, and there is a danger that the IMA cannot act in an impartial manner—one of the requirements of procedural due process. However, because we conclude that appellant does not have a legitimate property interest in obtaining disability retirement benefits, we need not address this constitutional claim, and we affirm appellee's decision to deny the application.

The proper interpretation of a statute is an issue this Court reviews de novo. *Grayling Twp v Berry*, 329 Mich App 133, 152; 942 NW2d 63 (2019). This Court also reviews de novo the question of whether a statute is constitutional. *League of Women Voters of Mich v Secretary of State*, 508 Mich 520, 534; 975 NW2d 840 (2022). The Court must "presume that a statute is constitutional unless its unconstitutionality is clearly apparent." *Id.* (quotation marks and citation omitted).

Under the Michigan and United States Constitution, the government may not deprive a person of life, liberty, or property without due process of law. Const 1963, art 1, § 17; US Const, Am XIV. "A procedural due-process claim must identify a property or liberty interest interfered with by the challenged state action and must show that the procedures leading to the deprivation

---

[1] MCL 38.67a(5) states:

> Except as otherwise provided in this section or section 33, a qualified participant who becomes totally incapacitated for duty because of a personal injury or disease that is not the natural and proximate result of the qualified participant's performance of duty may be retired if all of the following apply:
>
> (a) Within 1 year after the qualified participant becomes totally incapacitated or at a later date if the later date is approved by the retirement board, the qualified participant, the qualified participant's personal representative or guardian, the qualified participant's department head, or the state personnel director files an application on behalf of the qualified participant with the retirement board.
>
> (b) A medical advisor conducts a medical examination of the qualified participant and certifies in writing that the qualified participant is mentally or physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the qualified participant should be retired.
>
> (c) The qualified participant has been a state employee for at least 10 years.

of that interest were constitutionally inadequate." *Ass'n of Home Help Care Agencies v Dep't of Health and Human Servs*, 334 Mich App 674, 689; 965 NW2d 707 (2020). "Due process is a flexible concept . . . and determining what process is due in a particular case depends on the nature of the proceeding, the risks and costs involved, and the private and governmental interests that might be affected." *By Lo Oil Co v Dep't of Treasury*, 267 Mich App 19, 29; 703 NW2d 822 (2005).

To determine whether a party has a property or liberty interest at stake, the Court must assess whether the party "has a reasonable expectation of entitlement deriving from existing rules or understandings that stem from an independent source such as state law." *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 209; 761 NW2d 293 (2008) (quotation marks and citations omitted). In other words, "[t]o have a property interest protected requires more than a unilateral expectation to the claimed interest; the claimant must have a legitimate claim of entitlement." *Hanlon v Civil Serv Comm*, 253 Mich App 710, 723; 660 NW2d 74 (2002). If no such entitlement exists, the inquiry ends because there is no property or liberty interest at stake. *Bonner v Brighton*, 495 Mich 209, 225; 848 NW2d 380 (2014).

If a party can show that there is a property or liberty interest that was interfered with, the next step in the inquiry is to determine whether the procedures afforded to the party were constitutionally adequate. *Ass'n of Home Help Care Agencies*, 334 Mich App at 689. The procedures are considered adequate if the party is "provided notice of the nature of the proceedings and an opportunity to be heard by an impartial decision maker at a meaningful time and in a meaningful manner." *Mettler Walloon*, 281 Mich App at 213-214. In *Bonner*, the Michigan Supreme Court explained:

> The essence of due process is the requirement that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it. All that is necessary, then, is that the procedures at issue be tailored to the capacities and circumstances of those who are to be heard to ensure that they are given a meaningful opportunity to present their case, which must generally occur before they are permanently deprived of the significant interest at stake. [*Bonner*, 495 Mich App at 238-239 (quotation marks, citations, and brackets omitted).]

Appellant had no reasonable expectation of receiving disability retirement benefits absent the relevant statute. See *AFT Mich v Michigan*, 497 Mich 197, 225; 866 NW2d 792 (2015) ("Individuals . . . have no constitutional right to receive any particular governmental benefits."). Thus, in order to have a reasonable expectation of receiving those benefits, appellant had to first demonstrate that he met all three requirements under MCL 38.67a(5), specifically:

> (a) Within 1 year after the qualified participant becomes totally incapacitated or at a later date if the later date is approved by the retirement board, the qualified participant, the qualified participant's personal representative or guardian, the qualified participant's department head, or the state personnel director files an application on behalf of the qualified participant with the retirement board.

> (b) A medical advisor conducts a medical examination of the qualified participant and certifies in writing that the qualified participant is mentally or

physically totally incapacitated for further performance of duty, that the incapacitation is likely to be permanent, and that the qualified participant should be retired.

(c) The qualified participant has been a state employee for at least 10 years.

There is no dispute that appellant submitted an application for benefits with the retirement board and that appellant was a state employee for at least 10 years. And while there is also no dispute that appellant failed to obtain certification that he was permanently incapacitated, appellant claims that the process by which one obtains such certification is fundamentally unfair because the medical advisor is not an impartial decisionmaker. But this puts the cart before the horse because before the Court can examine whether procedural safeguards—such as an impartial decisionmaker—have been met, appellant must show he has a reasonable expectation to receive disability retirement benefits. Because appellant cannot show more than a unilateral expectation to obtain disability retirement benefits, he cannot demonstrate he has a protected property interest in such benefits. See *York v Civil Serv Comm*, 263 Mich App 694, 703-704; 689 NW2d 533 (2004) (no protected property right to reclassification of employment status).

Appellant also asks this Court to overturn its decision in *Polania v State Employees' Retirement Bd*, 299 Mich App 322, 333-334; 830 NW2d 773 (2013), in which we concluded that appellee had no discretion to grant an application for disability retirement benefits in the absence of a certification from an IMA that the applicant is permanently disabled. However, appellant has not adequately briefed this issue such that it is appropriate for appellate review. Appellant merely states that *Polania* "creates an impermissible barrier to long term state employees receiving their just benefits and that it creates an ultimate finder of fact in the independent medical advisor with his or her opinion trumping any evidence which may have been introduced by the claimant." It is not this Court's duty to "rationalize the basis for th[e] claim." *Ypsilanti Charter Twp v Kircher*, 281 Mich App 251, 287; 761 NW2d 761 (2008). Accordingly, appellant's "failure to properly address the merits of his assertion of error constitutes an abandonment of this issue on appeal." *Id*.

Affirmed. Given the constitutional question presented in the appeal, no costs may be taxed by appellee. See MCR 7.219(A).

/s/ Noah P. Hood
/s/ Kirsten Frank Kelly

-5-